UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | **CIVIL ACTION NO:** |
| **Plaintiff,** | |
| v. | |
| **RAINBOW USA, Inc.** | |
| **Defendant.** | |

**COMPLAINT AND JURY DEMAND**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), and files its Complaint and Jury Demand. The EEOC respectfully avers as follows:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Shenethiea Brazil ("Charging Party" or "Ms. Brazil"), who was adversely affected by such practices, and to prevent further occurrence of such practices.

- 2 -

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the State of Louisiana and within the jurisdiction of the United States District Court for the Eastern District of Louisiana.  Venue is proper in this Court.

**PARTIES**

3.

The EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, Rainbow USA, Inc. ("Rainbow" or "Defendant"), has continuously been doing business in the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

- 3 -

## STATEMENT OF CLAIMS

6.

Since at least May 2017, Defendant has engaged in conduct in Chalmette, Louisiana, which violates Title VII.

7.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Brazil filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

8.

On May 23, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.

The Commission provided Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.

The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.

On or about August 16, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.

All conditions precedent to the initiation of this lawsuit have been fulfilled.

13.

Ms. Brazil began working for Defendant in 2008 as a Sales Associate. In or about 2015, Defendant promoted Ms. Brazil to the position of Junior Assistant Manager, which she held for the remainder of her employment.

14.

In April 2017, Ms. Brazil was in her first trimester of pregnancy. At all times relevant, Defendant knew that Ms. Brazil was pregnant and was experiencing significant complications.

15.

In or about late April 2017, Ms. Brazil submitted a doctor's note (the "note") to Reginald Rachuba ("Rachuba"), Defendant's store manager, which indicated medical restrictions and recommended accommodations, which were needed due to Ms. Brazil's pregnancy.

16.

Store Manager Rachuba informed Cindy Erwin ("Erwin"), Defendant's District Manager, of the contents of the note and related circumstances.

17.

District Manager Erwin informed Noel Garcia ("Garcia"), who worked in Human Resources in Defendant's corporate office, of the contents of the note and related circumstances.

18.

HR Official Garcia informed Amy Lopez ("Lopez"), Defendant's Human Resources Benefits Supervisor, of the contents of the note and related circumstances on or about May 3, 2017.

19.

On or about May 3, 2017, HR Supervisor Lopez instructed Erwin to go to Defendant's Chalmette, Louisiana, store where Ms. Brazil worked, and suspend Ms. Brazil immediately.

20.

On or about May 3, 2017, Erwin suspended Ms. Brazil indefinitely and informed Ms. Brazil that she needed to have the restrictions related to her pregnancy lifted to remain employed, or she would be terminated immediately.

21.

On or about May 3, 2017, Erwin gave Ms. Brazil Family and Medical Leave Act (FMLA) paperwork and asked her to sign it.

22.

Ms. Brazil did not sign the FMLA paperwork.

23.

Ms. Brazil did not request to go on leave — and did not need to do so — and was perplexed as to why Defendant asked her to sign FMLA paperwork.

24.

Erwin did not inform Ms. Brazil if or when she could return to work. As of May 3, 2017, she was no longer permitted to report to work with her medical restrictions due to her pregnancy.

25.

On or about May 5, 2017, two days after Lopez learned of Ms. Brazil's restrictions and ordered Ms. Brazil's immediate suspension, Defendant provided Ms. Brazil with a letter, which stated in pertinent part:

> You have been out from your employment with Rainbow Apparel since 5/3/17 due to your leave of absence.  FMLA has been denied because you have not worked the required 1250 hours that entitles you to an FMLA leave.  I am writing to advise you that upon your return, we cannot guarantee your position with this Company.
>
> Please be advised, that we will actively seek a permanent replacement for your position due to the needs of the business.

The letter also stated, "If you are unable to return before a replacement is found, the Company would be happy to consider your application for rehire." Defendant hired Ms. Brazil's replacement on or about May 15, 2017.

26.

Ms. Brazil declined to resign when Defendant refused to accommodate her pregnancy, and forced Ms. Brazil on indefinite unpaid leave which she did not request or desire.

27.

As of May 3, 2017, Ms. Brazil was not permitted to report to work.  As of May 5, 2017, she was effectively terminated.  Defendant never invited Ms. Brazil to return to work.  Defendant formalized Ms. Brazil's termination on August 3, 2017, according to the company's records.

28.

Defendant preemptively fired Ms. Brazil because of her sex within the meaning of Title VII.

- 7 -

29.

Ms. Brazil attempted to contact Defendant's Human Resources department on multiple occasions to discuss some means for her to be allowed to return to work, to no avail.

30.

Defendant violated Title VII when it fired Ms. Brazil because of her pregnancy.

31.

The unlawful employment practices complained of herein violated Title VII and were, and continue to be, committed with malice or reckless indifference to Ms. Brazil's federally protected rights.

32.

The unlawful employment practices complained of herein have caused Ms. Brazil to suffer economic injuries, including lost wages, and nonpecuniary losses.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all women, and which eradicate the effects of its past and present unlawful employment practices, including but not

limited to, annual training of all supervisors and managers concerning pregnancy discrimination laws, and the development of effective policies to prevent pregnancy discrimination;

C. Order Defendant to make Ms. Brazil whole by providing appropriate relief, including but not limited to backpay with prejudgment interest, in amounts to be determined at trial, front pay or reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Ms. Brazil whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial, and by providing compensation for past and future pecuniary losses resulting from Defendant's unlawful practices;

E. Order Defendant to pay appropriate punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

F. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its cost of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**RUDY SUSTAITA**
Regional Attorney
No Bar Roll Number Assigned
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Houston District Office
1919 Smith Street 7th floor,
Houston, Texas, 77002
Direct: (713) 651-4970
rudy.sustaita@eeoc.gov

**GREGORY T. JUGE**
Supervisory Trial Attorney
New Orleans Field Office
LA Bar Roll No. 20890
Direct: (504) 676-8239
gregory.juge@eeoc.gov

/s/ Alexandra Navarre-Davis
**ALEXANDRA NAVARRE-DAVIS, T.A.**
Trial Attorney
LA Bar Roll No. 35000
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
500 Poydras Street Suite 809
New Orleans, LA 70130
Direct: (504) 595-2914
Fax: (504) 595-2886
alexandra.navarre-davis@eeoc.gov

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**REGISTERED AGENT
FOR SERVICE OF PROCESS:**
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816