## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

      **Plaintiff,**

**v.**

**RAINBOW USA, INC.**

      Defendant.

**Case No. 2:18-cv-09007**

**District Chief Judge Nanette Jolivette Brown**

**Magistrate Judge Dana Douglas**

### CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") brought this lawsuit against Defendant, Rainbow USA, Inc. ("Defendant" or "Rainbow"). The EEOC's Complaint alleged Defendant violated Title VII by terminating Charging Party on the basis of her pregnancy and related medical conditions. *See* Rec. Doc. 1. Defendant specifically denies it engaged in any unlawful employment practice and filed an Answer denying liability. *See* Rec. Doc. 5.

### JURISDICTION AND VENUE

Neither this Consent Decree nor the payment to Ms. Brazil under this Consent Decree constitutes an acknowledgement or admission of liability by Defendant, that its officers, agents or employees have violated or failed to comply with Title VII. In the interest of avoiding the costs, uncertainties, and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and

1

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The parties agree that this Court has personal jurisdiction over them. The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ordered, adjudged, and decreed:**

## DURATION

1. This Consent Decree will remain in effect for a period of one (1) year from the date of its entry. The EEOC may seek relief from the Court for a breach of the Decree at any time during that period or in the six (6) months following it.

## DEFINITIONS

a. "Rainbow" or "Defendant" means and refers to the Defendant, Rainbow USA, Inc., and its predecessors, successors and assigns and agents.

b. "EEOC" or "Plaintiff" means the Plaintiff, U.S. Equal Employment Opportunity Commission, an agency of the United States.

c. "Charge" or "Charge of Discrimination" means Sheneithia Brazil's Charge of Discrimination, EEOC Charge No. 461-2017-01407.

d. Ms. Brazil means Sheneithia Brazil and any person who may have rights through Ms. Brazil.

e. "Effective Date" means the date the Court enters this decree.

f. "Court" refers to the United States District Court for the Eastern District of Louisiana.

g. "Consent Decree" and "Decree" are used interchangeably.

h.   "Declaration" means a statement signed and dated, under penalty of perjury, in accordance with 28 U.S.C. § 1746.

## GENERAL PROVISIONS

1. This Decree resolves any and all claims and issues raised in Ms. Brazil's Charge, the EEOC's determination regarding that Charge, and the EEOC's Complaint.

2. The EEOC and Defendant will bear their own attorneys' fees and costs incurred in connection with this Settlement Agreement and Release.

3. The Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree.

4. This Consent Decree constitutes the complete understanding between the EEOC and Defendant with regard to the matters discussed herein.

5. If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the EEOC and Defendant must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate the purpose of this Settlement Agreement and Release. In any event, the unaffected provisions of the Settlement Agreement and Release will remain enforceable.

6. The EEOC and Rainbow agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if the parties have consented in writing.  A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the court amend the Decree.

## SCOPE

7. The non-monetary provisions of this Consent Decree apply to the Rainbow facility in which Ms. Brazil worked, Store 122,  at 1113 W. Judge Perez Drive, Chalmette, LA.

3

## PREGNANCY DISCRIMINATION

8.  Defendant agrees that Title VII, prohibits pregnancy discrimination including but not limited to:

    a.  Terminating employees because of their pregnancy in violation of Title VII of the Civil Rights Act of 1964; and

    b.  Adverse employment actions taken against a woman where pregnancy, child birth, or a related medical condition was a motivating factor in the adverse employment action.

## INDIVIDUAL MONETARY RELIEF

9.  Rainbow agrees to pay Ms. Brazil the total gross sum of $11,000 for claims raised in Charge No. 461-2017-01407 and the Complaint. The EEOC decided before the settlement not to seek lost wages. Therefore, the total gross sum of $11,000 will be considered settlement of non-pecuniary damages. Ms. Brazil must supply Defendant with a signed W-9 form and Defendant will issue an IRS form 1099 to Ms. Brazil for this sum. Ms. Brazil will be solely responsible for payment of any federal, state and local taxes, interest and penalties, if any, which become due in connection with this payment. Ms. Brazil agrees to indemnify and hold harmless Defendant from any and all taxes, assessments, interest or penalties she may have in connection with this payment. The check will be paid within twenty (20) days of the later of execution of this Consent Decree or Ms. Brazil's execution and non-revocation of a settlement agreement in a form provided by Defendant, whichever is later and contingent upon Ms. Brazil having supplied a signed W-9 form.

4

10.   Rainbow must submit a copy of the check to the EEOC within fifteen (15) days of submission of the payment(s) in the manner specified for notice under this Settlement Agreement and Release.

## INDIVIDUAL NON-MONETARY RELIEF

11. If asked for a job reference regarding Ms. Brazil, Rainbow will not discuss, mention, directly or indirectly, Ms. Brazil's filing of the Charge, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this  Consent Decree. Defendant will provide Brazil with the same job reference process provided to all former employees. Ms. Brazil will advise all potential employers seeking information about her Rainbow employment to call Rainbow Human Resources for job references.

12. Defendant must exclude from Ms. Brazil's personnel file, segregate, and keep confidential all documents, records, and information, whether electronic or otherwise, regarding Ms. Brazil's filing of the charge, the charge itself, the EEOC's investigation of the charge, the EEOC's Complaint, or this Decree.

## GENERAL REPORTING PROVISIONS

13. For a period of one (1) year from the Effective Date, Defendant, must, through its counsel, provide a General Report, bi-annually, as set forth herein. The General Report must describe how Defendant has complied with the Decree and contain supporting evidence, as appropriate. If Defendant has failed to comply with the terms and conditions of the Decree it must explain why it has not complied and provide a plan for remedying its failure to comply. However, Defendant's explanation will not necessarily prevent the EEOC from moving to enforce the Decree.

14. The General Report to the EEOC must describe any complaint of pregnancy discrimination, at Store 122, 1113 West Judge Perez Drive, Chalmette, LA, investigation of the complaint, whether violation was found, and any discipline taken by Defendant.

15. The first General Report is due one hundred twenty (120) days after Effective Date.

16. The last report will be due sixty (60 days) before the expiration of the Consent Decree.

## DEFENDANT EMPLOYEE TRAINING

17. Within one hundred twenty (120) days of Effective Date, Defendant, through its counsel, must provide training at Store 122, 1113 West Judge Perez Drive, for supervisors and managers there.   The training must be at least two (2) hours long and cover equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under Title VII.   The training session hereunder must include training regarding:

    a.   The purpose and fundamentals of Title VII;

    b.   What is prohibited and what is required under Title VII;

    c.   The provisions and requirements of the Pregnancy Discrimination Act provisions of Title VII;

    d.   Defendant's duties under Title VII;

    e.   Manager and supervisory responsibilities and employee rights under Title VII;

    f.   Defendant's anti-discrimination and complaint-reporting policies;

    g.   EEOC guidance on Title VII and its administration.

18. The training must be conducted in person.

19. Defendant, through its counsel, using the procedures for providing notice in this Consent Decree, will provide the EEOC the identity of the trainer and the outline and materials for the training at least thirty (30) days prior to the training. The EEOC then has fifteen (15) days

to reject the outline and materials. If the EEOC rejects the outlines or materials within the fifteen (15) day period, Defendant through its counsel, must submit to the EEOC a new outline and materials within fifteen (15) days. The EEOC's failure to reject materials or outline within the above period shall be deemed as an acceptance of the outline and materials.

## RAINBOW USA, INC. TRAINING REPORT

20. Defendant, through its counsel, must submit an Employee Training Report to the EEOC, describing the training and containing supporting documentation, within thirty (30) days of the training. The Employee Training Report must, at very least, provide the date and time of the training, the duration of the training, the identity of the trainer and the identity of the employees who attended the training. The Employee Training Report must further contain an executed declaration by each employee that they attended the training (such a declaration may be in the form of a sign-in registry, but must contain the clearly-printed name of each employee, in addition to his / her signature).

## ANTI-DISCRIMINATION POLICY

21. Defendant must maintain its anti-discriminatory policy that meets the following criteria regarding Title VII:

  a. Prohibits discrimination against any employee on the basis of sex, specifically covering the provisions and requirements of the Pregnancy Discrimination Act of Title VII.

  b. Prohibits any act, policy, or practice that has the effect of discriminating against any employee on the basis of sex in violation of Title VII.

  c.

7

Provides a clear and specific process for reporting and/or complaining about discrimination, including points of contact.

d. Provides a complaint, reporting, and investigation process that protects the confidentiality of any complaints to the extent possible and provides a prompt, thorough, and impartial investigation and assurances that the Defendant will take immediate and appropriate corrective action, and that Defendant will not retaliate against any person complaining of, opposing, or participating in the investigation of, a complaint.

e. Provides that anyone who engages in discrimination prohibited by Title VII will be disciplined, up to and including discharge.

22. This policy is provided to all employees.

23. Within one hundred and twenty (120) days of Effective Date, Defendant will certify to the Commission, that this policy has been distributed to all employees in Store 122, 1113 West Judge Perez Drive, Chalmette, LA.

### DEFENDANT RECORD PRESERVATION

24. Defendant must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII. The express recordkeeping and reporting obligations imposed by this decree do not constitute any waiver, diminution, or obviation of the recordkeeping and reporting requirements imposed by federal law.

### EEOC AND RAINBOW ATTORNEY NOTICES

25. All notices, reports, and information to the EEOC required under this Settlement Agreement and Release—including **but** not limited to the General Reports and Employee Training

8

Report—must be submitted to the EEOC in an email sent to **all** of the following email addresses:

> michelle.butler@eeoc.gov
> gregory.iuge@eeoc.gov
> rudy.sustaita@eeoc.gov
> johnny.lundie@eeoc.gov

In the event any notice, report, or information sent to the EEOC contains any personally identifiable information (PII), as defined by the rules of this Court, then Defendant shall take all necessary steps to ensure the security of that data, including but not limited to encryption and password protection.

In addition, but not instead of the aforementioned email delivery, these may be submitted to the EEOC via certified United States mail at the following address:

> Attn: Legal Unit
> U.S. Equal Employment Opportunity Commission
> New Orleans Field Office
> Hale Boggs Federal Building
> 500 Poydras St., Suite 809
> New Orleans, LA 70130

26. Any notices for Rainbow will be sent to:

> Rainbow USA, Inc.
> Through Counsel Leslie Ehret
> FRILOT L.L.C.
> 1100 Poydras Street, Suite 3700
> New Orleans, LA 70163

27. The EEOC may, from time to time, designate others to receive notices, reports, and information under this Consent Decree.

9

**EMPLOYEE NOTICE**

28. Defendant must post a Notice to Employees—attached hereto as Exhibit A- on its premises

    at 1113 West Judge Perez Drive, Chalmette, LA within fifteen (15) days of this Consent

    Decree. The Notice to Employees must be enlarged to at least eleven (11) by seventeen (17)

    inches, and it must be posted conspicuously where other notices to applicants and employees

    are customarily posted. It must remain there for nine (9) months.

In New Orleans, Louisiana, this_____day of December 2019.


_____

**HON. NANETTE JOLIVETTE BROWN**
DISTRICT COURT JUDGE



**APPROVED AS TO FORM AND CONTENT:**


                         Respectively submitted,

                         **FOR THE PLAINTIFF:**

                         **RUDY SUSTAITA**
                         Regional Attorney
                         U.S. EQUAL **EMPLOYMENT**
                         **OPPORTUNITY COMMISSION** 1919
                         Smith Street, 6th Floor
                         Houston, Texas 77002

                         **GREGORY JUGE**
                         Supervisory Trial Attorney

                         **/s/Michelle T. Butler**
                         **MICHELLE T. BUTLER**
                         Senior Trial Attorney
                         La. Bar Roll No. 01286
                         **U.S. EQUAL EMPLOYMENT**
                         **OPPORTUNITY COMMISSION** 500

Poydras Street, Suite 809
New Orleans, LA 70130
Direct line: (504) 595-2872
Legal Fax: (504) 595-2884
michelle.butlerAeeoc.gov

**COUNSEL FOR PLAINTIFF,**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

**FOR THE DEFENDANT:**


**/s/Leslie Ehret**
**LESLIE EHRET**
La. Bar Roll No. 18494
**FRILOT L.L.C.**
1100 Poydras Street, #3700
New Orleans, LA 70163 Tel:
(504) 599-8000 Fax: (504) 599-
8100 lehret@frilot.com
**COUNSEL FOR DEFENDANT**
**RAINBOW USA, INC.**

11

**Exhibit A**
**Notice to Employees**

**Rainbow, USA, Inc.** is firmly committed to providing a work environment free from any unlawful discrimination in accordance with state and federal law. **Title VII of the Civil Rights Act of 1964 ("Title VII")** prohibits an employer from discriminating against an employee on the basis of race, color, religion, national origin or sex with respect to compensation, hiring, promotion, firing, or other terms, conditions or privileges of employment. **Title VII of the Civil Rights Act of 1964 ("Title VII")** specifically prohibits an employer from subjecting an employee to any form of sex discrimination, including pregnancy discrimination. Federal law further prohibits an employer from retaliating against an employee for opposing employment discrimination including an employee who files a charge of discrimination with a state or federal administrative agency, or who participates in any proceeding addressing discrimination complaints including the investigation or prosecution of such a report or charge.

**Rainbow, USA, Inc.** will not tolerate discrimination on the basis of race, color, religion, sex, pregnancy or national origin and likewise will not tolerate retaliation against any employee for reporting such discrimination as this would violate **Title VII**. Such discrimination can violate both federal law and **Rainbow USA, Inc.**'s anti-discrimination policy. Any reports of discriminatory treatment will be investigated and appropriate action, up to and including termination, consistent with the results of the investigation will be taken.

If you believe you or another employee have been discriminated against on the basis of your race, color, religion, sex, pregnancy or national origin, please contact Rainbow USA, Inc. at _____ or by email through _____.

You may also report your concerns to the EEOC at the following address:

> 500 Poydras Street, Suite 809
> New Orleans, LA 70130
> Telephone: 504-635-2579 or 1-800-669-4000
> Website: www.eeoc.gov

This Notice to Employees will remain posted continuously for one year from the date of the signature below and will not be altered, defaced, removed, or covered.

Signed this_____ day of_____, 2019.

For:    _____
        **RAINBOW USA, INC.**